IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANA VILLANUEVA, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| HANSEN SHIPPING AGENCY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ana Villanueva ("Plaintiff" or "Villanueva"), and files this Complaint against Defendant Hansen Shipping Agency, Inc. ("Defendant" or "Hansen Shipping"), and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's

employment with Defendant.

## II.    Jurisdiction and Venue

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and

28 U.S.C. §1331.

### 4.

Defendant is a Georgia corporation and resides in this district.  In addition, a

substantial part of the acts and omissions that give rise to Plaintiff's claims

occurred in this district. Accordingly, venue in this Court is proper pursuant to 29

U.S.C. §1391.

## III.   Parties and Facts

### 5.

Plaintiff is a resident of the State of Georgia.

### 6.

Plaintiff has been employed by Defendant as a "sales representative" since

February 2010.

### 7.

Plaintiff was an "employee" of Defendant, as that term has been by the

FLSA, 29 U.S.C. §203(e).

8.

Throughout her employment with Defendant, Plaintiff's primary duty has been the performance of non-exempt work, specifically inside sales tasks involved in selling Defendant's marketplace offering.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

During the last three years (the relevant time period for Plaintiff's FLSA claim), Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over (40).

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

During the last three years, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

13.

Throughout Plaintiff's employment with Defendant, Plaintiff was paid on a salary basis and not paid overtime compensation for hours she worked in excess of 40 hours in given workweeks.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Throughout Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in given workweeks without receiving overtime compensation.

## Count I

## Violations of the Fair Labor Standards Act.

### 17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

### 18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

### 19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### 20.

Defendant's violations of the FLSA were willful and in bad faith.

### 21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)    Permit Plaintiff to amend her Complaint to add state law claims if

       necessary;

(E)    Award Plaintiff such further and additional relief as may be just and

       appropriate.

Respectfully submitted,

This 26th day of October, 2015.

                            **BARRETT & FARAHANY, LLP**

                            /s/ V. Severin Roberts
                            Amanda A. Farahany
                            Georgia Bar No. 646135
                            V. Severin Roberts
                            Georgia Bar No. 940504
                            Attorneys for Plaintiff Ana Villanueva

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile